```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
RAFAELA ESPINAL,

                        Plaintiff,

            -against-                                            21-cv-5807 (LAK)


DIDI GLOBAL INC., f/k/a/ XIA OJU KUA IZHI INC., et al.,

                        DefendantS.
------------------------------------------x
JATIN CHOPRA,

                        Plaintiff,

            -against-                                            21-cv-5973 (LAK)


DIDI GLOBAL INC., f/k/a/ XIA OJU KUA IZHI INC., et al.,

                        Defendants.
------------------------------------------x
MICHAL KUCHARSKI,

                        Plaintiff,

            -against-                                            21-cv-6603 (LAK)


DIDI GLOBAL INC., f/k/a/ XIA OJU KUA IZHI INC., et al.,

                        Defendants.
------------------------------------------x
CORY HECHLER,

                        Plaintiff,

            -against-                                            21-cv-7550 (LAK)


DIDI GLOBAL INC., f/k/a/ XIA OJU KUA IZHI INC., et al.,

                        Defendants.
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-12-21

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      WHEREAS, the above-captioned securities class actions ("Securities Class Actions")

2

have been filed against defendants DiDi GlobalInc., et al.("DiDi" or the "Company"), alleging claims under the Securities Act of 1933 ("Securities Act") and/or the Securities Exchange Act of 1934 ("Exchange Act");

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. See Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Actof 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(I), 15 U.S.C. § 78u-4(a)(3)(A)(i),on July 6, 2021, anoticewasissued to potential class members of the action informingthem of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on September 7, 2021,movant Junhong Cao ("Movant") moved the Court to appoint Movant as Lead Plaintiff and to approve Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel;

WHEREAS, the PSLRA provides, inter alia, that the most-adequate plaintiff to serve as lead

plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfies the requirements of Fed. R. Civ. P. 23; and

WHEREAS, the Court finding that Movant has the largest financial interest in this action and prima facie satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. See 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I); it is hereby

ORDERED as follows:

1. The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

2. The docket in Case No. 1:21-CV-05807-LAK shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

4

IN RE DIDI GLOBAL INC, SECURITIES
LITIGATION

Master Docket

21-CV-5807 (LAK)

This Document Relates To:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4. The file in civil action no. 1:21-CV-05807-LAK shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is

5

mailed to the party's counsel.

6. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause

7. Pursuant to Section27 of the Securities Act and Section 21D of the Exchange Act, Movant is appointed as Lead Plaintiff for the class as she has the largest financial interest in this litigation and otherwise satisfies *prima facie* the requirements of Fed. R. Civ. P. 23.

8. Movant's choice of counsel is approved and, accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel.

9. Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) to prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class.

6

10.     This order grants Dkt. 11. The Clerk shall terminate as moot Dkts. 5, 16, 19, 27 and 33.

SO ORDERED.

Dated:      October 12, 2021

                                                  _____
                                                  Lewis A. Kaplan
                                                  United States District Judge