UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE DIDI GLOBAL INC. SECURITIES LITIGATION

This document applies to:          All Actions
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master Docket
21-cv-5807 (LAK)

## MEMORANDUM OPINION

Appearances:

Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Bronzaft Howald
THE ROSEN LAW FIRM, P.A.

Gregory Linkh
GLANCY PRONGAY & MURRAY LLP

*Attorneys for Plaintiffs*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*Attorneys for Defendant Didi Global Inc.*

Jonathan Rosenberg
Abby F. Rudzin
Shane A. Hunt
William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP
*Attorneys for Defendants Goldman Sachs (Asia)
L.L.C., Morgan Stanley & Co. LLC, J.P.
Morgan Securities LLC, BofA Securities Inc.,
Barclays Capital Inc., Citigroup Global*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/13/2025

*Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP
*Attorneys for Defendants Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhuo, and Daniel Yong Zhang*

Sheryl Shapiro Bassin
Ignacio E. Salceda (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
*Attorneys for Defendant Zhiyi Chen*

Matthew S. Kahn
Michael D. Celio (*pro hac vice*)
Kevin J. White
GIBSON DUNN & CRUTCHER LLP
*Attorneys for Defendant Martin Chi Ping Lau*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP
*Attorneys for Defendants Adrian Perica and Kentaro Matsui*

Jeffrey T. Scott
Andrew M. Kaufman
SULLIVAN & CROMWELL LLP
*Attorneys for Defendant Kentaro Matsui*

LEWIS A. KAPLAN, *District Judge.*

      This case is before the Court on plaintiffs' motion for class certification.[1]  In a thorough report and recommendation (the "R&R"),[2] Magistrate Judge Valerie Figueredo

---

[1]    Dkt 261.

[2]    Dkt 447.

recommended that the motion be (1) granted for plaintiffs' claims under Securities Act of 1933 (the "Securities Act"), (2) granted for plaintiffs' scheme liability claims (the "Scheme Liability Claims") under Sections 20(a) and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and (3) denied for plaintiffs' claims under Sections 20A and 10(b) of the Exchange Act premised on either a violation of Rule 10b-5(b) or insider trading (the "Non-Scheme Exchange Act Claims").[3]

The parties agree that the Securities Act claims should be certified and that the Non-Scheme Exchange Act Claims should not be certified.[4]  The Court finds no clear error with these conclusions and thus accepts them.[5]

Defendants DiDi Global Inc. ("DiDi"), Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, and Alan Yue Zhuo (collectively, "Defendants") do object to the R&R in so far as it recommended certification of the Scheme Liability Claims.  The Court reviews this aspect of the R&R *de novo*.[6]

---

[3] *Id.*

[4] In their response to defendants' objections to the R&R, plaintiffs note their disagreement with the R&R's conclusions with respect to certain claims but state that they "chose not [to] file an objection which could only repeat their earlier-made arguments."  Dkt 533 at 1–2 n.2.

[5] *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Fed. R. Civ. P. 72(b), advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[6] *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted).

4

## Background

The facts relevant to this motion are set forth in the R&R and this Court's opinions and orders in this case.[7]  In sum, plaintiffs allege that DiDi made false or misleading statements in connection with its 2021 initial public offering ("IPO").  With respect to the Scheme Liability Claims, plaintiffs allege that on July 2, 2021, DiDi's officers provided certificates to the IPO underwriters (the "Officer Certificates") stating that no event having a material adverse effect on DiDi's business had occurred between the date of the underwriting agreement and the closing of the IPO.[8]  The Officer Certificates did not state that penalties issued by the Cyberspace Administration of China ("CAC") on July 2, including a ban on DiDi adding new users, would have a material adverse effect on DiDi's business.[9]

## Discussion

### I.    Affiliated Ute Standard

Certification of the Scheme Liability Claims turns on whether they involve "primarily omissions" and thus are entitled to a presumption of reliance under *Affiliated Ute v. United States*.[10] There, the Supreme Court held that plaintiffs need not provide affirmative proof of reliance in securities fraud cases "involving primarily a failure to disclose" so long as the "facts withheld [were]

---

[7]     *See, e.g.*, Dkts 158; 276; 329.

[8]     Dkt 106 ("SAC") ¶¶ 273–280.

[9]     *Id.*

[10]    406 U.S. 128 (1972).

material in the sense that a reasonable investor might have considered them important in the making of this decision."[11]  "In other words, when a securities fraud claim is premised on an omission rather than a false statement, reliance on the omission can be presumed from its materiality. And because materiality can be assessed on a class-wide basis, a plaintiff can show that common questions of reliance predominate over individual ones by showing that the class's claims depend upon an omission.  By contrast, when a securities fraud claim is primarily based on misrepresentations rather than omissions, the plaintiffs may not rely on the *Affiliated Ute* presumption."[12]

## II.    *Applicability of Affiliated Ute Presumption*

The R&R concluded that the *Affiliated Ute* presumption applies to the Scheme Liability Claims but not to the Non-Scheme Exchange Act Claims.  As set forth therein, the Non-Scheme Exchange Act Claims are based on alleged misstatements in the Registration Statement for DiDi's IPO.  Those claims relied primarily on half-truths or misrepresentations, not omissions, and *Affiliated Ute* therefore does not apply.[13]  In contrast, the Scheme Liability Claims are premised on deceptive acts — committed days later, prior the closing of the IPO — concealing the material adverse effect of the July 2 penalties.  The R&R concluded that these acts were "distinct from the alleged misrepresentations and omissions tied to the Registration Statement."[14]  It further concluded

---

[11]

Id. at 153–54.

[12]

*Puddu v. NYGG (Asia) Ltd.*, No. 15CV8061 (DLC), 2022 WL 2304248, at *3 (S.D.N.Y. June 27, 2022) (citation omitted).

[13]

Dkt 447 at 26–34.

[14]

*Id.* at 35.

6

that the failure to disclose the effect of the July 2 penalties was an omission and that the *Affiliated Ute* presumption applies in that respect.[15]

Defendants argue that the omissions underlying the Scheme Liability Claims "are identical to the other half-truths and affirmative misrepresentations alleged by [p]laintiffs . . . ."[16] But the Scheme Liability Claims involve statements made in the Officer Certificates on July 2, 2021, which plaintiffs allege to have been false due to events that took place on that day.[17]  The Non-Scheme Exchange Act Claims are based upon alleged misrepresentations in the Registration Statement, which was effective June 29, 2021.[18]  The omissions forming the basis of the Scheme Liability Claims — regarding the material adverse effect of the July 2 penalties — therefore are distinct from the affirmative misrepresentations in the Registration Statement.

The rationale behind the *Affiliated Ute* presumption supports its application here. The presumption applies where "no positive statements exist" and "reliance as a practical matter is impossible to prove."[19]  "It does not apply to cases where . . . plaintiffs could . . . plead reliance on certain of defendants' statements."[20]

Here, the Officer Certificates were not public.  Plaintiffs thus did not plead — and

---

[15]

 *Id.*

[16]

 Dkt 464 at 10.

[17]

 SAC ¶¶ 273–280.

[18]

 SAC ¶ 195.

[19]

 *Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88, 93 (2d Cir. 1981).

[20]

 *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 LAK, 2013 WL 5730020, at *3 (S.D.N.Y. Oct. 22, 2013).

7

could not have pled — reliance on the statements made there.  Rather, they allege that the omissions in the Officer Certificates induced the underwriters to close to IPO.  Accordingly, the *Affiliated Ute* presumption applies to the Scheme Liability Claims, and certification of those claims is warranted.

### *Conclusion*

Plaintiffs' motion for class certification (Dkt 261) is granted for plaintiffs' claims under Securities Act of 1933 in Counts IV, V, and VI of the Second Amended Complaint; plaintiffs' Section 20(a) claim in Count III, and plaintiffs' Section 10(b) claim in Count I premised on a theory of scheme liability.  The motion is denied in all other respects.

SO ORDERED.

Dated:        August 13, 2025

/s/      Lewis A. Kaplan

_____

Lewis A. Kaplan
United States District Judge